**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KRISTEN SARNOSKI,** | : | **Civil No. 3:12-CV-503** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SCRANTON POLICE DEPARTMENT,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

On March 20, 2012, the plaintiff, a state prisoner serving a sentence following conviction for an otherwise unspecified crime in the Court of Common Pleas of Lackawanna County, filed a *pro se* civil complaint with this court. (Doc. 1.) The plaintiff's complaint arises out of her state conviction. In this complaint, Sarnoski seeks to sue the Scranton Police Department, a police officer who is simply alleged to have "added the victims names to a witness statement," conduct that Sarnoski equates with "tampering with evidence," and a private party who is alleged to have delivered a letter that Sarnoski claims was stolen from her to the police. On the basis

of these otherwise unadorned allegations, Sarnoski demanded $5,000,000 in compensatory damages, and punitive damages totaling $1,500,000. (Id.)

Along with this complaint, Sarnoski filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) While we will grant the motion to proceed *in forma pauperis*, as part of our legally-mandated  screening of *pro se*, *in forma pauperis* cases, we have carefully reviewed this complaint, and conclude that the complaint, in its current form,  fails to state a claim upon which relief can be granted. Accordingly, for the reasons set forth below, it is recommended that the complaint be dismissed.

## II.   **Discussion**

### A.   **Legal Standards Governing Sufficiency of Civil Complaints**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) enjoins us to "dismiss the complaint at any time if the court

determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not

alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 1949.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be

> supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal  conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In  practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

**B.     In its Current Form This Complaint Fails to State A Claim Upon Which Relief Can Be Granted**

Judged against these standards, in this case dismissal of this complaint is warranted because, in its present form, Sarnoski's complaint fails to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or

6

laws of the United States.  The flaws in the current *pro se* complaint are discussed separately below.

**1.**   **Sarnoski May Not Bring a Civil Rights Action for False Arrest Based Upon What Is Presently a Valid Criminal Conviction and Sentence**

At the outset, this complaint fails because it rests on a fatally flawed legal premise.  At bottom, Sarnoski seeks to bring a civil rights action challenging the outcome of a valid state criminal conviction which has not otherwise been set aside or overturned.

This she cannot do.  Quite the contrary, it is well-settled that an essential element of a civil rights claim in this setting is that the underlying criminal case must have been terminated in favor of the civil rights claimant.  Therefore, where, as here, the civil rights plaintiff brings claims based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law.  The United States Court of Appeals for the Third Circuit has aptly observed in this regard:

> The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability." Heck v. Humphrey, 512 U.S. 477, 483(1994) (quoting Memphis Community School Dist. v. Stachura, 477 U.S. 299, 305(1986) (internal quotation marks omitted)). Given this close relation between § 1983 and tort liability, the Supreme Court has said that the common law of torts, "defining the elements of damages and the prerequisites for their recovery, provide[s] the appropriate starting point for inquiry under § 1983 as well." Heck, 512 U.S. at 483(quoting Carey v. Piphus, 435 U.S. 247, 257-58,(1978)). The Supreme Court applied this rule in Heck to an inmate's § 1983 suit, which alleged that county prosecutors and a state police officer destroyed evidence, used an

unlawful voice identification procedure, and engaged in other misconduct. In deciding whether the inmate could state a claim for those alleged violations, the Supreme Court asked what common-law cause of action was the closest to the inmate's claim and concluded that "malicious prosecution provides the closest analogy ... because unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process." Heck, 512 U.S. at 484. Looking to the elements of malicious prosecution, the Court held that the inmate's claim could not proceed because one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor, and the inmate in Heck had not successfully challenged his criminal conviction. Id.

Hector v. Watt, 235 F.3d 154, 155-156 (3d Cir. 2000)

In this case it is evident from the complaint that Sarnoski's prior state criminal prosecution did not terminate favorably, since she was convicted in this state case and is serving a sentence as a result of this conviction. Since "one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor." Id., the immutable fact of Sarnoski's conviction presently defeats any federal civil rights claims based upon her arrest or prosecution in this state case, and compels dismissal of these claims. In short, this complaint is based upon the fundamentally flawed legal premise that Sarnoski can sue state officials for false arrest and imprisonment even though she stands convicted of the crimes charged against her. Since this premise is simply incorrect, Sarnoski's complaint fails as a matter of law.

## 2.    Sarnoski May Not Bring a Federal Civil Rights Action Against Private Parties

In addition, to these broad, over-arching deficiencies in this complaint, the complaint also fails on a number of other, narrower, grounds.  For example, in her complaint Sarnoski seeks to sue a private person, who allegedly provided evidence to the police in her criminal case.  Sarnoski may not bring such claims against private parties as civil rights violations pursuant to 42 U.S.C. §1983.

It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions.  Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994);  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the Plaintiff.

In this regard, it is also well-settled that:

Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state*

*law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 91 F3d 122 (3d Cir. 1996)(emphasis added).  Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights.  To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  This state action requirement would bar Sarnoski from bringing a lawsuit against a private person who merely provided evidence in her criminal case.  Furthermore, to the extent that Sarnoski seeks to hold any Defendant civilly liable for providing evidence or testifying against her in state criminal proceedings, it has long been held that witnesses are immune from civil rights liability for testimony that they give in state judicial proceedings. See Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983).  Therefore, these claims fail as well.

### 3. Sarnoski Has Failed to State a Claim Against The Scranton Police Department or Police Officers

In addition, to the extent that Sarnoski to hold  governmental agencies like the Scranton Police Department liable for alleged civil rights violations, she must meet

an exacting burden of pleading and proof.  It is well-settled that local governmental entities may not be held liable under § 1983 for the acts of others under a theory of *respondeat superior* or vicarious liability.  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1948 (2009); see also Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991).  Instead, such an agency may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Thus, to sustain a claim like the claim that Sarnoski initially advanced against this institutional defendant, a plaintiff must "identify a . . . 'policy' or 'custom' that caused the plaintiff's injury."  Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997).  This custom must be "so widespread as to have the force of law." Id. at 404;  see also Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (a policy is an official proclamation or edict of a municipality, while a custom is a practice that is "so permanent and well settled as to virtually constitute law") (quoting Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted).

The plaintiff must further "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation."  Grayson v. Mayview

State Hosp., 293 F.3d 103, 107 (3d Cir. 2002) (citing Brown, 520 U.S. at 404).  A municipality can be held liable on the basis of failure to train when "that failure amounts to 'deliberate indifference . . . [of the constitutional] rights of persons. . . .'" Woloszyn v. County of Lawrence, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted).  There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury.'" Id. at 325 (citations omitted).  Therefore, analysis of a claim under Monell requires separate analysis of two distinct issues:  "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so whether the [municipality] is responsible for that violation." Collins v. City of Harker Heights, Texas, 503 U.S. 115, 120 (1992).

An institutional defendant may also be liable for constitutional violations resulting from inadequate training or supervision of its employees if the failure to train amounts to a custom of the municipality.  However, failure-to-train claims also must meet precise and demanding legal criteria.  Such a failure must "amount[] to deliberate indifference to the constitutional rights of persons with whom the police come in contact." Colburn, 946 F.2d at 1028 (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)).  Proving agency liability on a theory of deliberate indifference is an especially difficult showing for a plaintiff to satisfy where the plaintiff has alleged that insufficient training or supervision has caused constitutional violations. Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).  Such a showing requires

12

that "(1) . . . lawmakers know that employees will confront a similar situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999).  Moreover, the plaintiff proceeding on such a theory must establish that the agency's "deliberate conduct . . . was the 'moving force' behind the injury alleged." Reitz, 125 F.3d at 145 (quoting Brown, 520 U.S. at 404).  Therefore, the need for training, supervision, or other corrective action to avoid imminent deprivations of a constitutional right "must be so apparent that any reasonable policymaker or supervisor would have taken appropriate preventive measures." Horton v. City of Harrisburg, No. 06-2338, 2009 U.S. Dist. LEXIS 63428, *13 (M.D. Pa. July 23, 2009) (quoting Strauss v. Walsh, No. Civ. A. 01-3625, 2002 U.S. Dist. LEXIS 24717, 2002 WL 32341791, at *3 (E.D. Pa. Dec. 17, 2002)).  Additionally, in order to recover for municipal liability on a failure-to-train theory, the alleged failure must be "closely related to the ultimate (constitutional) injury." Woloszyn, 396 F.3d at 325.

The Supreme Court has recently reaffirmed the guiding principles which define institutional civil rights liability based upon a failure to train or oversee law enforcement officers.  In Connick v. Thompson, – U.S.– , 131 S.Ct. 1350, 1359 (2011), the court described the parameters of agency liability in the following terms:

A municipality or other local government may be liable . . .if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. <u>See Monell v. New York City Dept. of Social Servs</u>., 436 U.S. 658, 692 (1978). But, under § 1983, local governments are responsible only for "their *own* illegal acts." <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 479(1986) . . . . They are not vicariously liable under § 1983 for their employees' actions. . . . Plaintiffs who seek to impose liability on local governments under § 1983 must prove that "action pursuant to official municipal policy" caused their injury. <u>Monell</u>, 436 U.S., at 691. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. . . . . These are "action[s] for which the municipality is actually responsible." <u>Pembaur, supra</u>, at 479–480.  In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. <u>See Oklahoma City v. Tuttle</u>, 471 U.S. 808, 822–823 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in <u>Monell</u> "). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." . . . . Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983. . . . " '[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." . . . . Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program.

<u>Id.</u> (some citations deleted).

Here, in its present form, Sarnoski's complaint simply does not make sufficient allegations which would permit a finding of institutional liability against the Scranton Police Department.[1]  With respect to these municipal liability claims, in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  Fairly construed, these pleadings amount to little more than a formulaic recitation of the elements of a cause of action, a form of pleading that will not do.  Therefore, Sarnoski's claims against this institutional defendant fail as a matter of law.

Sarnoski has also failed to articulate a constitutional claim against the individual police officer named in her complaint.  As to this defendant Sarnoski simply alleges that the police officer "added the victims names to a witness

---

[1]In addition we note that the police department may not be a proper institutional defendant in this action since police departments serve only as an administrative arm of a municipality, and it is a municipality through which any liability must flow to the police department. A police department is not a "person" for purposes of §1983 and is not a proper defendant in a §1983 action. Golya v. Golya, 2007 U.S. Dist. LEXIS 58093, *29-30 (M.D. Pa. 2007) (explaining that courts within the Third Circuit have concluded that a police department is merely a sub-unit of the local government and is not amenable to suit under §1983); Wivell v. Liberty Township Police Dept., 2007 U.S. Dist. LEXIS 54306, *5-6 (M.D. Pa. 2007) (explaining that police department not subject to suit in a §1983 action).

statement," conduct that Sarnoski equates with "tampering with evidence." (Doc. 1)

It is well-established that the federal civil rights statute, 42 U.S.C. § 1983, does not

by its own force create new and independent legal rights to damages in civil rights

actions.  Rather, § 1983 simply serves as a vehicle for private parties to bring civil

actions to vindicate violations of separate, and pre-existing, legal rights otherwise

guaranteed under the Constitution and laws of the United States.  Albright v. Oliver,

510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989).

Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must

begin with an assessment of the validity of the underlying constitutional and statutory

claims advanced by the Plaintiff.  In this case, however, it is unclear which specific

rights guaranteed by the Constitution or laws of the United States have been violated

by the Defendants according to Sarnoski, a necessary legal prerequisite to a claim

under § 1983.

Dismissal of this complaint is also warranted because the complaint does not

comply with Rule 8's basic injunction that "A pleading that states a claim for relief

must contain . . . a short and plain statement of the claim showing that the pleader is

entitled to relief."  It is well-settled that: "[t]he  Federal Rules of Civil Procedure

require that a complaint contain 'a short and plain statement of the claim showing that

the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be

'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.

App'x 221, 222 (3d Cir. 2007). Thus, when a complaint cannot be readily understood, Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005).[2] Here, the allegations made by Sarnoski against this police officer are difficult to discern. Therefore, it is recommended that the complaint be dismissed in order to allow Sarnoski to file an amended complaint which could contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

### 4. The Plaintiffs' Claim for A Specific Amount of Unliquidated Damages is Improper

Finally, we note that the demand for specified compensatory damages from each Defendant in the amount of $6,500,000 is inappropriate. Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and

---

[2]In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. In such instances, the failure to timely submit a proper amended complaint that complies with the strictures of Rule 8 may then warrant the dismissal of the complaint with prejudice. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra.

provides that the Court may upon its own initiative at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether claims may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. Singh v. Superintending School Committee of the City of Portland, 593 F. Supp. 1315 (D. Me. 1984). In this case, the Plaintiff's claim for a specified amount of unliquidated damages violates Local Rule 8.1 which provides, in part, that: "The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R. Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other." Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, it is further recommended that this specific dollar claim be stricken from the complaint.

### 5.    The Complaint Should be Dismissed Without Prejudice

We recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay.

Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, Sarnoski has not

alleged facts that would state a claim upon which relief may be granted, and it appears

that she may be unable to do so.  Nonetheless, out of an abundance of caution, and

in order to preserve the Plaintiff's rights, it is recommended that this matter be

dismissed without prejudice to Sarnoski attempting to amend this federal complaint

to state a claim upon which relief may be granted in federal court, by including proper

allegations that meet the requirements of federal law.

## III.   Recommendation

Accordingly, for the foregoing reasons, the Plaintiff's motion for leave to

proceed *in forma pauperis* (Doc. 2) is GRANTED , but IT IS RECOMMENDED that

the Plaintiff's complaint be dismissed for the failure to state a claim upon which relief

can be granted, but that the dismissal of this action be without prejudice to any effort

by Sarnoski  to timely allege facts in an amended complaint which might state a claim

upon which relief may be granted.

The Plaintiff is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C.  §  636  (b)(1)(B)  or  making  a  recommendation  for  the
> disposition of a prisoner case or a habeas corpus petition within fourteen
> (14) days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all parties,
> written objections which shall specifically identify the portions of the
> proposed findings, recommendations or report to which objection is
> made and the basis for such objections. The briefing requirements set
> forth in Local Rule 72.2 shall apply. A judge shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of March, 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge