**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KRISTEN SARNOSKI,

      Plaintiff,

          v.

SCRANTON POLICE DEPARTMENT,
et al.,

      Defendants.

CIVIL ACTION NO. 3:12-0503

(JUDGE CAPUTO)

(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

Presently before the Court is Magistrate Judge Carlson's Report and Recommendation ("R & R") to Plaintiff's Complaint. (Doc. 5.)  Magistrate Judge Carlson recommends dismissal, without prejudice, of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Plaintiff filed objections to Magistrate Judge Carlson's R & R, entitled "Motion to Sustain Lawsuit."  Specifically, Plaintiff's Motion to Sustain Lawsuit avers that as a *pro-se* prisoner litigant, she was unaware that a violation of her constitutional rights needed to be alleged in the Complaint. (Doc. 8.) Plaintiff now asserts that her constitutional right to a fair trial was violated based on Defendants' alleged falsification and fabrication of evidence. (*Id.*) As such, she requests that the Court permit her to continue with this action. (*Id.*)

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)).  However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added).  In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D.Pa.1993).  Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States*

*v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M. D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa.1998).

Here, the Court views Plaintiff's "Motion to Sustain Lawsuit" as objecting only to the Magistrate Judge's recommendation to dismiss the action, and not to his finding that the Complaint fails to state a claim for which relief can be granted.  While the Court fully agrees with the Magistrate Judge's analysis of the deficiency of Plaintiff's Complaint, the Court will recommit the matter to Magistrate Judge Carlson to allow Plaintiff the opportunity to file an amended complaint.   Specifically, in her Motion to Sustain Lawsuit, Plaintiff may have identified facts that would state a claim for relief.  As such, Plaintiff will be granted the opportunity to replead her claims.  If Plaintiff decides to file an amended complaint, the Court suggests that she follows the analysis set forth in Magistrate Judge Carlson's Report and Recommendation in order to avoid dismissal for failure to state a claim upon which relief can be granted.  Moreover, as the Court finds no clear error in the Magistrate Judge's analysis of the issues not objected to by Plaintiff, the Court will adopt the Magistrate Judge's finding that Plaintiff's Complaint fails to state a claim upon which relief can be granted.[1]

An appropriate order follows.

June 12, 2012                                     /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                   United States District Judge

---

[1]   As Plaintiff has not objected to the legal findings of the Magistrate Judge, and she
      will be permitted to file an amended pleading to address the deficiencies in her
      Complaint, the Court finds it unnecessary to set forth a detailed review of the
      Magistrate Judge's factual and legal conclusions.